UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILLIS LATRICE COLEMAN,

                    Plaintiff,

                                                    Case No. 19-cv-799-pp

         v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYING THE FILING FEE (DKT. NO. 2)**

         The plaintiff, who is representing herself, has filed a complaint seeking

judicial review of a final administrative decision denying her claim for disability

insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a

motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

         To allow the plaintiff to proceed without paying the filing fee, the court

first must decide whether the plaintiff can pay the fee; if not, it must determine

whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

         Based on the facts in the plaintiff's affidavit, the court concludes that she

does not have the ability to pay the filing fee. The plaintiff is not married and

not employed, and she has five children under the age of 11 that she is

responsible for supporting. Dkt. No. 2 at 1-2. The plaintiff receives $608 per

month from the W-2 program, she pays rent of $226 per month, and her total

monthly expenses can be up to $810 per month. Id. at 3-4. The plaintiff does

not own a home or a car, she has no cash on hand or in a bank account, and

she owns no other property of value. Id. at 4-5. The plaintiff has demonstrated

that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she has "many mental and physical disabilities that prevent [her] from working and living a daily life." Dkt. No. 1 at 3. The complaint indicates that the plaintiff was denied benefits, that she was disabled during the time period included in this case, and that she believes the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence; and/or are contrary to law and regulation. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 30th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**